**Alan R. JAGER, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–340.**

United States Court of Veterans Appeals.

Submitted Aug. 8, 1991.

Decided Feb. 5, 1992.

James T. Evans, Houston, Tex., was on the brief, for appellant.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and R. Randall Campbell, Washington, D.C., were on the brief, for appellee.

Before MANKIN, HOLDAWAY and STEINBERG, Associate Judges.

MANKIN, Associate Judge:

In this appeal, we are again called upon to review a Board of Veterans' Appeals (BVA or Board) decision involving an application for waiver of recovery of indebtedness resulting from a veteran's default on a home loan guaranteed by the Veterans' Administration (now the Department of Veterans Affairs) (VA). We find that the BVA decision is supported by the evidence of record, and that the Board committed no legal or factual error which would warrant reversal. Accordingly, the BVA decision is affirmed.

## I. BACKGROUND

Alan R. Jager and his (now ex-) wife contracted in January 1982 to purchase a four-unit property in Houston, Texas. R. at 9–10. Prior to settlement, Jager declared that he intended to personally occupy one unit and to lease the remaining three to a property management company. R. at 12–14. The veteran applied for a VA home loan guaranty for a mortgage loan of $135,000, which was approved. R. at 15, 16, 32. Following settlement, the loan quickly fell into delinquency. R. at 34. In late 1984 foreclosure proceedings were instituted, and an inspection of the property revealed that it had been gutted, possibly for renovations which were never completed. R. at 45–47. The VA's appraisal assessed the property's value at $115,000, considerably less than the original purchase price, attributing the reduction in value to "slow market & economy." R. at 54. The mortgage was foreclosed and the property sold in February 1985, leaving the VA with a claim of $27,500 against the Jagers. R. at 58, 61.

Jager applied for a waiver of the claim against him in December 1987 on the grounds of financial hardship (his wife had been paralyzed in a 1981 car accident), inadequate notice of the deficiency, and that he had been defrauded by the property management company. R. at 63–64. He was afforded a hearing before a VA Committee on Waivers and Compromises (Committee) in March 1988, where he argued that without the waiver he would be forced into bankruptcy; he also disclosed that he was going through divorce proceedings. R. at 72. In October 1988, the Committee agreed that Jager was "less than material-

ly at fault in the creation of the debt," but found that "[i]t would not be against equity and good conscience to require [him] to pay the debt." R. at 78.

Jager appealed the Committee decision to the BVA, which reviewed Jager's financial status, and concluded that "[r]ecovery of the loan guaranty indebtedness from the veteran will not deprive him of the basic necessities of life, nor otherwise be inequitable." *Alan R. Jager*, BVA 90–00040, at 4 (Jan. 3, 1990). The BVA denied Jager any waiver of his loan guaranty indebtedness, and Jager filed a timely Notice of Appeal to this Court.

## II. ANALYSIS

 A decision of the BVA concerning waiver of indebtedness is subject to review by this Court for determination of whether the decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 38 U.S.C. § 7261(a)(3)(A) (formerly § 4061(a)(3)(A)); *see Smith v. Derwinski*, 1 Vet.App. 267, 279 (1991). We find that the BVA adequately explained the reasons or bases for its decision, and that its denial of appellant's application for a waiver was not arbitrary, capricious, or otherwise unlawful. The Court further notes that the Board could have considered a partial waiver of Jager's debt. *See* 38 C.F.R. § 1.911(c)(2) (1991); *see also Smith*, 1 Vet.App. at 270. Because the BVA made a valid determination, however, that no waiver was justified, any failure to consider a partial waiver amounts to no more than harmless error. 38 U.S.C. § 7261(b) (formerly § 4061(b)).

## III. FEE AGREEMENT

The Court notes that 38 U.S.C. § 7263(c) (formerly § 4063) requires "a person who represents an appellant before the Court [to] file a copy of any fee agreement between the appellant and that person with the Court at the time the appeal is filed." *See also* U.S. Vet.App.R. 46(d)(1) (referencing Form 3, which calls for attachment of a fee agreement unless the representation is being provided free of charge). No such fee agreement is of record in this Court in this case. In response to a request from the Clerk of the Court to the appellant's counsel that he file any such agreement, he transmitted to the Court a facsimile of a September 8, 1987, letter from him to the appellant, specifying an hourly rate of $200 "payable upon presentment of [counsel's] statement". Under 38 U.S.C. § 7263(c) and (d) the Court is authorized, "on its own motion or the motion of any party, [to] review such a fee agreement [between the appellant and the attorney]" with respect to whether the fee is "excessive or unreasonable". In this case, the above-described letter is not such an agreement because it is entirely unilateral. Hence, there is presently nothing reviewable before the Court with regard to the attorney's fee in this case. The Court directs the attorney for appellant not to collect any fee for representation in this Court unless he shall have first filed a fee agreement with the Court.

The January 3, 1990, decision of the Board of Veterans' Appeals is AFFIRMED.